IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00681-WYD-CBS

WELLS FARGO BANK, N.A., as Trustee under that certain
Pooling and Servicing Agreement dated March 1, 2006
for the registered holders of Credit Suisse First Boston
Mortgage Securities Corp., CommercialMortgage
Pass-Through Certificates, Series 2006-C1 and as
Servicer for U.S. Bank National Association, as
Trustee for the registered holders of,
Mezz Cap CommercialMortgage Trust,
CommercialMortgage Pass-Through Certificates,
Series 2006-C4 under Intercreditor Agreement Among Noteholders,

    Plaintiff,

v.

TANVEER KHAN, and
SAMIRA KHAN,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION AND BACKGROUND</u>

This matter is before the Court on the Plaintiff Wells Fargo Bank, N.A.s' Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 28).  The motion is denied as set forth below.

This is a breach of guaranty case between the lender, Wells Fargo, and the guarantors of a loan to Cheyenne Hotels Investments, LLC ("Cheyenne").  Wells Fargo commenced this action against Tanveer Khan and Samira Kahn (the "Khans"), the guarantors, for breach of the Guaranty Agreement.  Wells Fargo asserts that "[u]nder

the terms of the Guaranty Agreement, the Kahns agreed that in the event Cheyenne defaulted under certain terms and covenants of the Loan Documents or filed for protection under any federal bankruptcy law all obligations owing under the Loan Documents would be fully recourse to the Khans." (Am. Compl. ¶ 33).  The Khans filed an answer asserting two counterclaims against Wells Fargo for breach of the duty of good faith and fair dealing ("Good Faith Counterclaim") and third-party beneficiary breach of the Cash Management Agreement ("Third-Party Beneficiary Counterclaim"). Wells Fargo responded by filing the pending motion to dismiss the Khans' two counterclaims.   I note that in their response to the motion to dismiss, the Kahns state that they are dismissing their Third-Party Beneficiary Counterclaim pursuant to Fed. R. Civ. P. 41(a)(1)(A).  Thus, I deny Wells Fargo's motion as to the Third-Party Beneficiary Counterclaim as moot.  I also deny Wells Fargo's motion to dismiss the Khans' Good Faith Counterclaim as set forth below.

By way of background, Cheyenne is the owner of a Homewood Suites Hotel by Hilton in El Paso County, Colorado (the "Hotel").  Tanveer Khan is the sole member of Cheyenne.  In 2008, Cheyenne acquired the Hotel from its previous owner.  As part of the purchase of the Hotel, Cheyenne assumed two promissory notes and a deed of trust encumbering the property in favor of Wells Fargo and entered into the Case Management Agreement with Wells Fargo.  As additional security for the Notes, the Khans executed the Guaranty Agreement, dated May 7, 2008, in favor of Wells Fargo. On June 28, 2011, Cheyenne filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Colorado.  Consequently, on March 16, 2012, Wells

Fargo commenced this action seeking damages for the Khans' alleged breach of the Guaranty Agreement.

II.     ANALYSIS

    A.     Standard of Review

The pending motion seeks dismissal of the Khan's Good Faith Counterclaim under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass

a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Additionally, the Tenth Circuit has instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

> B. <u>The Khans' Standing as Guarantors to Assert Cheyenne's Claims for Breach of Contract or Agreement Against Wells Fargo</u>

The threshold issue before me is whether the Khans have standing as guarantors to assert claims belonging to Cheyenne as defenses to Wells Fargo's guaranty action against them. Construing the Khans' Good Faith Counterclaim in the light most favorable to them, I find that the Khans have alleged no claim arising directly from a breach of the guaranty agreement itself. Instead, their allegations focus on Wells Fargo's alleged refusal to

> transfer funds from the Lock Box Account to the Case Management Account to the Sub-Accounts, especially the Operating Expense Sub-Account, telling Cheyenne Hotel Investments and Defendants that Wells Fargo would not transfer funds from the Lock Box Account to the Case Management Account and/or disburse funds from the Case Management Account to the Sub-Accounts, especially the Operating Expense Sub-Account, refusing to approve the

> Annual Budget in a timely fashion, failing to transfer funds from the Case Management Account to the Sub-Accounts, especially the FF&E Reserve Sub-Account and Monthly Debt Service Sub-Account, filing the Verified Complaint for Receiver in the Receiver Lawsuit, filing the Verified Complaint for Receiver in the Receiver Lawsuit without any legitimate grounds for a receivership, and filing the Verified Complaint for Receiver in the Receiver Lawsuit for alleged 'Events of Default' when there was no actual or present default.

(ECF No. 24, Khans' Answer and Counterclaims ¶ 80).  Essentially, the allegations of the Khans' Good Faith Counterclaim seek to establish that Wells Fargo acted improperly toward Cheyenne.  Wells Fargo argues that, as guarantors, the Khans cannot asset the claims of Cheyenne in defense of Wells Fargo's lawsuit on the guaranty.

As a general rule, when a creditor sues a guarantor and fails to name the principal debtor in the action, the guarantor is not entitled to defensively raise the claims of the principal debtor against the creditor.  *See First Texas Service Corp. v. Roulier*, 750 F. Supp. 1056 (D. Colo. 1990); *Rhode Island Hosp. Trust Nat'l Bank v. Ohio Casualty Ins. Co.*, 789 F.2d 74, 78 n. 4 (1st Cir. 1986); *National Sur. Co. v. George E. Breece Lumber Co.*, 60 F.2d 847, 851 (10th Cir. 1932); L. Simpson, *Suretyship*, § 70 at 319 (1950).  This rule is designed to protect the claims of the principal, since the guarantor may not be in the best position to assert them.  *See Schenley Affiliated Brands Corp. v. Mar–Salle, Inc.*, 703 F.Supp. 744, 746 (N.D.Ill. 1989); *Continental Group, Inc. v. Justice*, 536 F.Supp. 658, 661 (D.Del. 1982).

Importantly, however, there are three exceptions to this general rule.  "A

guarantor may assert the independent claim of the principal ... where (1) the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim, (2) both principal and surety are joined as defendants, or (3) the principal is insolvent." *Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, 2010 WL 1727964, at *1 (N.D. Okla., April 27, 2010); *Continental Group, Inc.*, 536 F.Supp. at 661; *see also Restatement of Security* § 133(2) (1941). The guarantor's right to assert the principal's claims under these exceptions is in the nature of setoff against the creditor's claim on the guaranty; the guarantor may not recover affirmatively. *See Continental Group, Inc.*, 536 F.Supp. at 662. Thus, if the guarantor's recovery on his counterclaims exceeds his liability under the guaranty, the guarantor may not recover this excess. *Id.*

Based on both the first and third exceptions, I find that the Khans are entitled to assert Cheyenne's claims against Wells Fargo in this guaranty action. First, based on the consent theory, courts have held that a principal's consent to the guarantor's assertion of claims is presumed when the guarantor controls the principal. *See Roulier*, 750 F. Supp. at 1061; *Bloor v. Shapiro*, 32 B.R. 993, 1001 (S.D.N.Y. 1983). Here, Tanveer Kahn is the sole member of Cheyenne. Second, the Kahns could likely assert Cheyenne's claims against Wells Fargo based on the fact that Cheyenne, the principal debtor, is insolvent. While Wells Fargo disputes the fact that even though Cheyenne filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Colorado, it is not technically insolvent. However, I find that such an assertion requires an analysis of the relevant facts, which I find to be inappropriate in the context of a Rule 12(b)(6) motion to dismiss. Accordingly, since Cheyenne consented to the

Khans assertion of its claims and can be construed to be insolvent, I find that the Khans have standing as guarantors to defensively assert Cheyenne's claims.

### C. Waiver of Defenses

Wells Fargo also argues that the Khans expressly waived any right of recourse to assert their Good Faith Counterclaim against Wells Fargo under the plain language of the Guaranty Agreement. In Section 5(h), the Guaranty Agreement contains the following language:

> Indemnitor hereby consents and agrees that ... the liability of Indemnitor under this Agreement shall be unconditional and absolute and shall in no way be impaired or limited by ... the taking or failure to take any action of any type whatsoever. No such action which Lender shall take or fail to take in connection with the Loan Documents or any collateral for the Loan, not any course of dealing with Borrower or any other person, shall limit, impair or release Indemnitor's obligations hereunder, affect this Agreement in any way or afford Indemnitor any recourse against Lender.

(Guaranty Agreement at § 5(h)).

Under Colorado law, ordinary contract principles apply to guaranty contracts. However, a guarantor is "favored in the law," and a guaranty contract is to be strictly construed. *Roulier*, 750 F. Supp. at 1061; *National State Bank of Boulder v. Burns*, 525 P.2d 504, 506 (Colo. App. 1974); *A.R.A. Mfg. Co. v. Cohen*, 654 P.2d 857, 859 (Colo. App. 1982). As such, courts have upheld many broad waivers of rights or defenses under a guaranty agreement. *Id.; see Aetna Life ins. Co. v. Anderson*, 848 F.2d 104, 107 n. 10 (8th Cir. 1988). However, other courts have also held that a guarantor cannot waive the implied covenant of good faith and fair dealing. *See B.A. Mortgage & Int'l*

*Realty Corp. v. American Nat'l Bank & Trust Co. of Chicago*, 706 F. Supp 1364, 1376-77 (N.D. Ill. 1989); *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1159 (Utah 2003); *Little v. State Farm Mut. Auto Ins. Co.*, 2008 WL 2076666, at *3 (D. Utah, May 15, 2008). While there appears to be a dearth of Colorado law on this issue, a judge from this Court, United States Senior District Judge John L. Kane, cited in one of his decisions the following relevant language from *B.A. Mortgage & Int'l Realty Corp*:

> It must be recognized that the implied covenant of good faith reflects a strong public policy judgment: Parties with unfettered contractual discretion cannot be allowed to exercise that discretion in bad faith. And the essence of a sufficiently strong public policy is that it overrides contractual provisions -- or more accurately, that the public policy will cause courts to deny enforcement of contractual terms to the opposite effect. Absent a showing to the contrary, this Court will place the implied covenant in question into that category.

*Roulier*, 750 F. Supp. at 1062 (citing cases where courts held that a guarantor cannot waive the implied covenant of good faith and fair dealing).

Additionally, the Khans argue that public policies in the Colorado Uniform Commercial Code ("CUCC") preclude the waiver of the duty of good faith and fair dealing. The Khans cite Colo. Rev. Stat. § 4-1-302 for the general provision that parties may vary the CUCC in any manner pursuant to a mutual agreement. However, this section also states that "[t]he obligations of good faith, diligence, reasonableness, and care prescribed by this title may not be disclaimed by agreement." Colo. Rev. Stat. § 4-1-302(b). Accordingly, since I cannot find any Colorado law on this issue, I am persuaded by the decisions of other courts, Judge Kane's comments and authorities

cited in his order, and the CUCC that Colorado courts would likely conclude that parties may not waive the duty of good faith and fair dealing.  Furthermore, in reviewing the plain language of § 5(h) of the Guaranty Agreement in this case, I find that it is questionable as to whether this provision sets forth an express waiver of the duty of good faith and fair dealing.  Neither the terms "good faith" and "fair dealing" nor the term "waiver" appear in the cited provision.  Thus, I deny Wells Fargo's argument that the Khans expressly waived any right of recourse to assert their Good Faith Counterclaim against Wells Fargo under the Guaranty Agreement.

III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff Wells Fargo Bank, N.A.s' Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 28) is **DENIED**.

Dated:  December 20, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge